# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **COMMUNICATIONS WORKERS OF AMERICA,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. _____ ) |
| **AT&T MOBILITY SERVICES LLC,** | ) ) ) |
| **Defendant.** | |

## COMPLAINT

COMES NOW COMMUNICATIONS WORKERS OF AMERICA (hereinafter "CWA"), and for its complaint against AT&T MOBILITY SERVICES LCC (hereinafter "AT&T Mobility" or "Company") shows this Court the following:

### Jurisdiction

1. This an action for breach of a collective bargaining agreement in an industry affecting commerce. This Court has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and pursuant to 28 U.S.C. § 1331.

**Parties & Venue**

2. CWA is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185. CWA represents the bargaining unit of employees employed by Defendant AT&T Mobility in nine southeastern U.S. states from its regional headquarters located in Atlanta, Georgia.

3. AT&T Mobility is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 185, operating in nine southeastern U.S. states, including in Georgia. AT&T Mobility is a Delaware limited liability corporation doing business at all times material in Georgia from its principal office address of 1025 Lenox Park Boulevard, Atlanta, Georgia.

4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185.

**Factual Allegations**

5. CWA and AT&T Mobility have been parties to a series of collective bargaining agreements that establish terms and conditions of employment for bargaining unit employees, including an agreement effective February 10, 2018 through February 11, 2022. Attached hereto as Exhibit 1 is a true and correct copy of the parties' 2018-2022 collective bargaining agreement (hereinafter "CBA").

6. Article 7 of the CBA establishes a grievance procedure for resolving disputes between the parties. Section 2(b) of Article 7 defines a grievance as a

"complaint by the Union" alleging, *inter alia*, "that an employee has been discharged, suspended, demoted or otherwise disciplined without just cause."

7. Pursuant to the provisions of Section 2 of Article 7, grievances not resolved informally between the parties are reduced to writing and processed in accordance with the two step grievance procedure established by Article 7, Section 3.

8. Article 9, Section 1 of the CBA establishes an arbitration provision by which grievances unresolved by the parties through the steps of the grievance procedure may be arbitrated upon written request of either party to the Agreement. Article 9, Section 2 provides that the Union shall request arbitration in writing within sixty calendar days of the Company's answer or decision. Article 9, Section 3 establishes the process by which the parties maintain a panel of qualified arbitrators to hear grievances over the discipline or discharge of employees by the Company.

9. On May 23, 2019 the Company discharged employee Brian Scully, who until that date held the job title of Retail Sales Consultant at a Company retail facility in Oviedo, Florida. CWA Local 3102 initiated a grievance pursuant to Article 7 of the parties' CBA alleging that the Company discharged Mr. Scully without just cause. Attached hereto as Exhibit 2 is a true and correct copy of the

Record of Grievance reflecting the grievance initiated by CWA Local 3102 over Mr. Scully's discharge.

10. The grievance over Mr. Scully's discharge was processed through the informal step and Step 1 of the grievance procedure by representatives of CWA Local 3102 and AT&T Mobility management. The grievance was denied by the Company at the informal step on June 11, 2019, and denied by the Company at Step 1 on July 16, 2019.

11. By July 17, 2019 letter of Local 3102 President Phil Farrugio, CWA Local 3102 informed AT&T Mobility Labor Relations that the grievance over Mr. Scully's discharge was being appealed to Step 2 of the grievance procedure. Attached hereto as Exhibit 3 is a true and correct copy of Mr. Farrugio's July 17, 2019 letter to AT&T Mobility Labor Relations Manager Dean Cordova.

12. On July 24, 2019 CWA Local 3102 formally appealed the grievance to Step 2 and forwarded the grievance to CWA Representative Kevin Kimber for processing at Step 2. By August 1, 2019 letter to AT&T Mobility Labor Relations Manager Cordova, CWA Representative Kimber requested a meeting on the Scully discharge grievance (assigned number ATTMR19-023-3102) at Step 2 of the grievance process. Attached hereto as Exhibit 4 is a true and correct copy of Mr. Kimber's August 1, 2019 letter to Cordova.

13. Mr. Kimber and Cordova held a Step 2 grievance meeting on the Scully discharge grievance by telephone on November 20, 2019.  By letter of that same date to Mr. Kimber, Cordova confirmed that the Company had requested that the grievance be placed in recess so that the Company could review information presented by CWA during the meeting.  Attached hereto as Exhibit 5 is a true and correct copy of Cordova's November 20, 2019 letter to Mr. Kimber.

14. Mr. Kimber and Cordova held another Step 2 grievance meeting on the Scully discharge grievance by telephone on September 3, 2020.  In the course of the September 3, 2020 meeting Mr. Kimber informed Cordova that the grievance would be referred to arbitration by CWA if the grievance was not resolved in the grievance process.  By letter of that same date to Mr. Kimber, Cordova informed CWA that the grievance over Mr. Scully's discharge was denied by AT&T Mobility.  Attached hereto as Exhibit 6 is a true and correct copy of Cordova's September 3, 2020 letter to Mr. Kimber.

15. By letter of November 16, 2020 to AT&T Mobility Labor Relations, Mr. Kimber confirmed that CWA intended to submit the grievance over Mr. Scully's discharge to arbitration.  Attached hereto as Exhibit 7 is a true and correct copy of Mr. Kimber's November 16, 2020 letter to Company Labor Relations.

16. Following Mr. Kimber's November 16, 2020 letter to the Company, Mr. Kimber and Cordova continued to discuss the Scully discharge grievance, and continued to discuss possible resolution of the grievance short of arbitration.

17. By letter of October 27, 2021 to Mr. Kimber, Cordova advised CWA that it considered the grievance over Mr. Scully's discharge to be closed because Mr. Kimber's November 16, 2020 letter confirming CWA's intent to arbitrate the grievance was received more than 60 days after the Company's denial of the grievance. Attached hereto as Exhibit 8 is a true and correct copy of Cordova's October 27, 2021 letter to Mr. Kimber.

## COUNT I
### Section 301 Breach of Contract

18. CWA hereby incorporates by reference and reasserts the factual allegations of Para.s 1-17 as if separately plead herein.

19. AT&T Mobility is in breach of the parties' CBA by failing and refusing to arbitrate Grievance No. ATTMR19-023-3102, by which CWA had been denied the benefit of its bargain and has been harmed.

### PRAYER FOR RELIEF

Based on the above and foregoing, CWA prays for the following relief:

1. An order enjoining AT&T Mobility from failing and refusing to arbitrate the Grievance No. ATTR19-023-3102;

2. compensatory and punitive damages;

3. an award of attorney's costs and fees incurred in prosecuting this action; and

4. all other legal and equitable relief which is just and proper.

Respectfully submitted,

s/ Robert M. Weaver
Robert M. Weaver, Esq.
CWA District 3 Counsel
Georgia Bar No. 558537

CWA District 3
4100 Perimeter Park S
Atlanta, GA 30341
404/296-5553 ext. 230
rweaver@cwa-union.org

## LOCAL RULE 7.1 CERTIFICATE

The undersigned hereby certifies that the foregoing pleading was prepared in Times New Roman 14 point font, consistent with the requirements of Local Rule 5.1.

s/ Robert M. Weaver
Robert M. Weaver